UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>A. JARAMILLO, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00661-NONE-EPG (PC)<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS |

Mark Anthony Brown ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 1, 2020, the Court issued an order directing the parties to participate in a settlement conference (or for Defendants to file a notice opting out of the settlement conference) and requiring both parties to produce certain categories of documents to each other if the settlement conference proceeded. (ECF No. 29). On September 16, 2020, the Court issued an order requiring the parties to file scheduling conference statements and exchange initial disclosures ahead of the initial scheduling conference. (ECF No. 31). While the Court later vacated the scheduling conference, it retained the requirement for the parties to file scheduling conference statements and to exchange initial disclosures. (ECF No. 49).

The parties have now filed their scheduling conference statements, with Plaintiff filing two statements. (ECF Nos. 41, 44, 54). Given that this case failed to settle at the June 29, 2021 settlement conference, this matter is ready to proceed with discovery. (*See* ECF No. 65).

Defendants state that they provided the categories of documents required by this Court's September 1 order and the initial disclosures required by this Court's September 16 order, producing a total of 4,347 pages of documents. (ECF No. 41, p. 2). Specifically, Defendants state that they produced documents relating to "Plaintiff's administrative grievances, including KVSP-0-19-04214; non-confidential ERMS and SOMS files; all medical records for Plaintiff in defense counsel's possession; and enumerated KVSP records with redactions for confidential and irrelevant staff information" and that "[n]o further production is anticipated by Defendants of any category of documents listed in the Initial Settlement Disclosures or Initial Disclosures." (*Id.* at 2-3). However, Defendants state that they have not received any production from Plaintiff pursuant to the Court's September 1 and September 16 orders. (*Id.* at 2).

Plaintiff's first statement indicates that he mailed the required disclosures to defense counsel but claims that his mail has been "tampered with from time to time" and that he will remail the disclosures if defense counsel has not received them. (ECF No. 44, p. 3). Plaintiff's second statement acknowledges Defendants' claim that they have not received any of his disclosures and states that they will be remailed to counsel. (ECF No. 54, p. 2). This second statement also asserts that defense counsel has not provided him with the "Plaintiff's chief office of appeals response to his appeal which showed he exhausted administrative remedies" and further requests that the Court grant him the opportunity, in an order, to file a motion for appointment of counsel if this case fails to settle at the settlement conference. (*Id.* at 2, 4).[1]

The Court has reviewed this case and the parties' statements. Given Defendants' representation that it has already produced the documents required by this Court's September 1 and September 16 orders, it will not order further production of any additional categories of documents. However, as both parties have indicated that some production has not been sent to the other side, the Court orders as follows:

1. Within 30 days, if he has not already done so, Plaintiff shall provide the disclosures required by the Court's September 1 and 16 orders (ECF Nos. 29,

---

[1] Plaintiff is free to file a motion for appointment of counsel and need not seek leave of the Court to do so. However, the Court expresses no opinion as to the merits of any such future motion.

31).

2. Also within 30 days, if they have not already done so, Defendants shall provide Plaintiff with the chief office of appeals response to his appeal, if such document exists. If such document does not exist, they shall inform Plaintiff.
3. If any party obtains documents and/or other evidence described in the Court's September 1 and 16 orders (ECF Nos. 29, 31) later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.
4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

IT IS SO ORDERED.

Dated: **June 30, 2021**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3