UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>A. JARAMILLO, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00661-NONE-EPG (PC)<br><br>ORDER GRANTING MOTION TO COMPEL<br><br>(ECF NO. 68) |

Plaintiff Mark Anthony Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter is currently before the Court on Defendants' motion to compel Plaintiff's initial disclosures. (ECF No. 68). For the reasons given, the Court will grant the motion to compel.

**I.    BACKGROUND**

This case proceeds on Plaintiff's Eighth Amendment claims against Defendants A. Jaramillo and E. Franco relating to Plaintiff's allegations that Defendants handcuffed him behind his back despite Plaintiff notifying them that being restrained in this way caused him severe pain due to a medical condition. (ECF Nos. 16, 20).

On September 1, 2020, the Court issued an order directing the parties to participate in a settlement conference (or for Defendants to file a notice opting out of the settlement conference) and requiring both parties to produce certain categories of documents to each other

1

if the settlement conference proceeded. (ECF No. 29). On September 16, 2020, the Court issued an order requiring the parties to file scheduling conference statements and exchange initial disclosures ahead of the initial scheduling conference. (ECF No. 31). While the Court later vacated the scheduling conference, it retained the requirement for the parties to file scheduling conference statements and to exchange initial disclosures. (ECF No. 49). When the parties filed their scheduling conference statements, with Plaintiff filing two statements, each party complained that the other had failed to produce certain disclosures. (ECF Nos. 41, 44, 54).

Defendants stated that they have not received any production from Plaintiff pursuant to the Court's September 1 and September 16 orders. (ECF. 41, p. 2). Plaintiff's first statement indicated that he mailed the required disclosures to defense counsel but claims that his mail has been "tampered with from time to time" and that he would remail the disclosures if defense counsel has not received them. (ECF No. 44, p. 3). Plaintiff's second statement acknowledged Defendants' claim that they have not received any of his disclosures and stated that they would be remailed to counsel. (ECF No. 54, p. 2). This second statement also asserted that defense counsel had not provided him with the "chief office of appeals response to his appeal which showed he exhausted administrative remedies." (*Id.*).

After reviewing the parties' statements, the Court entered an order on June 30, 2021, requiring each party, to the extent that they had not already done so, to exchange the disclosures that the other side had claimed were not provided. (ECF No. 67). However, neither side was required to provide disclosures that were provided to them by the opposing party.

**II.     MOTION TO COMPEL**

On August 23, 2021, Defendants filed the instant motion to compel Plaintiff's initial disclosures, asserting that they have still not received them. (ECF No. 68). They ask the Court to enter an order compelling Plaintiff to provide them. (*Id.*).

Plaintiff filed a response, asserting that he already provided his initial disclosures to two prior attorneys for Defendants, that most of his initial disclosures concern information already

provided by Defendants, but indicating that he has documents "relat[ing] to physical therapy notes, shoulder diagnosis, and appeal results" that he has not provided to Defendants but "will do so upon request." (ECF No. 69, pp. 1-2). Further, Plaintiff states that, due to a change in his prison housing, he does not have all his legal documents but should "have full access [in] about 3 weeks." (*Id.* at 4). Lastly, Plaintiff states that he still has not received "the 3rd level decision to [his] appeal." (*Id.*).

Defendants' reply, filed on September 8, 2021, again asserts that Plaintiff has not sent them any initial disclosures. (ECF No. 70). Further, they state that they mailed Plaintiff, on July 29, 2021, "a copy of his third-level response for grievance log number HDSP-19-04186, and invited [him] to provide the log number of the grievance he seeks if HDSP-19-04186 is not the grievance he sought." (*Id.* at p. 3). Defendants attach a copy of their correspondence to Plaintiff.

On September 13, 2021, this Court ordered Defendants to further address their allegation that Plaintiff had failed to provide any initial disclosures. (ECF No. 71). Specifically, the Court ordered current defense counsel to contact prior defense counsel and inquire as to whether they received the initial disclosures and, if so, to obtain copies. Further, defense counsel was directed to file a response indicating the results of this communication.

On September 20, 2021, Defendants filed a response, stating that former counsel did not "have any independent recollection of receiving Brown's initial disclosures" and that, if they had been received, "they would be located in our internal litigation file." (ECF No. 72, p. 2). Defendants searched their files and did not find any disclosures from Brown.

**III. ANALYSIS**

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). In this case, the Court ordered the parties to initially disclose certain categories of

information, such as the name, address, and telephone number of persons likely to have discoverable information. (ECF No. 31, *see* ECF No. 29).

Under Federal Rule of Civil Procedure Rule 37(a), a party may, as Defendants have done, "move for an order compelling disclosure or discovery." Moreover, under Rule 37(a)(4), a court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response. . . ." Fed. R. Civ. P. 37(a)(4).

While the parties dispute whether or not Plaintiff has already provided some of the initial disclosures required by this Court's September 1 and September 16 orders, Plaintiff appears to concede that he has not provided everything, namely, documents "relat[ing] to physical therapy notes, shoulder diagnosis, and appeal results" but agrees to "do so upon request." (ECF No. 69, pp. 1-2). Moreover, given Plaintiff's prior claim that his mail has been "tampered with from time to time," it appears appropriate to require Plaintiff to provide *all* of his initial disclosures to Defendants. (ECF No. 44, p. 3). Accordingly, the Court will grant the motion to compel.

As for Plaintiff's assertion that he still has not received "the 3rd level decision to [his] appeal," the Court notes that, to the extent that Plaintiff seeks an order compelling such document, he is required to file a motion. (ECF No. 69, p. 4); Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). However, Defendants have represented that they have sent Plaintiff a third-level response for one of his grievances and are willing to send him a different response if he is requesting information regarding a separate grievance. Accordingly, before filing any motion, Plaintiff is directed to first confer with Defendants to obtain the document that he seeks.

**IV.     ORDER**

For the reasons given, IT IS ORDERED as follows:

1. Defendants' motion to compel Plaintiff's initial disclosures (ECF No. 68) is granted.
2. Within 30 days, Plaintiff shall provide defense counsel with the disclosures required by the Court's September 1 and 16 orders. (ECF Nos. 29, 31).

a. To facilitate Plaintiff's disclosure, the Court directs the Clerk to provide Plaintiff with a courtesy copy of this Court's September 1 and 16 orders. (ECF Nos. 29, 31).

b. Plaintiff shall review these orders and disclose each of the categories of information required unless Plaintiff has no such information for a category or another valid reason to not disclose the information. If Plaintiff declines to disclose information for any category, he shall inform Defendants of the specific reason for why he is not disclosing the information.[1]

c. Plaintiff is not required to produce any documents that have already been provided to him by Defendants. However, if Plaintiff declines to provide documents for any category on this basis, he shall so inform Defendants.

3. If Plaintiff needs additional time to comply with this order, he may file a motion for extension of time.

4. If Plaintiff fails to comply with this order, Defendants may file a motion for sanctions.

IT IS SO ORDERED.

Dated:   **September 21, 2021**        /s/ *Erica P. Grosjean*
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is informed that any assertion that he already provided certain disclosures will not be considered a valid reason, for the reasons discussed in this order.