UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>         Plaintiff,<br><br>    v.<br><br>A. JARAMILLO, et al.,<br><br>         Defendants. | Case No. 1:20-cv-00661-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDERS<br><br>(ECF No. 85, 88) |

Plaintiff Mark Anthony Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants have moved for summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies as to any of his claims. (ECF No. 75). Despite granting three extensions of time for Plaintiff to respond to the motion for summary judgment, Plaintiff has still failed to respond by the deadlines imposed by two court orders. (*See* ECF Nos. 80, 85, 88). Because Plaintiff has failed to prosecute this case and comply with the Court's orders, the Court recommends dismissal of this case.

**I.    BACKGROUND**

Plaintiff filed this lawsuit on September 13, 2019, later amending his complaint on April 30, 2020. (ECF No. 1, 16). After screening the first amended complaint, the Court concluded that it stated cognizable claims against Defendants A. Jaramillo and E. Franco for excessive force and for deliberate indifference to a serious medical need, each in violation of the Eighth Amendment.

1

1    On September 23, 2021, Defendants filed a motion for summary judgment, arguing that
2 Plaintiff failed to administratively exhaust any claim brought in the first amended complaint;
3 specifically, because the one grievance relevant to this action was filed before the interaction with
4 Franco occurred, Brown improperly named Franco for the first time at a subsequent level of
5 review, and the third level of review was not yet complete as to Jaramillo when the first amended
6 complaint was filed. (ECF No. 75). Accordingly, Defendants requested that this case be
7 dismissed.
8    On October 4, 2021, Plaintiff filed an *ex parte* motion for enlargement of time to file his
9 opposition to the motion for summary judgment. (ECF No. 79). The Court granted the motion,
10 ordering "Plaintiff's opposition to Defendants' motion for summary judgment on the issue of
11 exhaustion [to] be filed no later than December 6, 2021." (ECF No. 80, p. 2).
12    After Plaintiff failed to timely file an opposition, the Court entered an order on December
13 7, 2021, *sua sponte* extending the deadline to December 21, 2021. (ECF No. 85).
14    On December 8, 2021, Plaintiff filed another motion for extension of time to file his
15 opposition, dated December 3, 2021. (ECF No. 86). The Court granted the motion, ordering
16 Plaintiff to file and serve an opposition or a statement of non-opposition to Defendants' motion
17 for summary judgment by no later than January 10, 2021, and warning him that, if he failed to file
18 anything, this case could be dismissed for failure to prosecute and failure to comply with a court
19 order. To date, Plaintiff has not filed an opposition, statement of non-opposition, or motion for
20 extension of time to file either.
21 **II.    ANALYSIS**
22    "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to
23 comply with a court order, the Court must weigh the following factors: (1) the public's interest in
24 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
25 prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the
26 public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639,
27 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).
28    "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.*

(quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, although Plaintiff has received three extensions, he has failed file a response to the motion for summary by the deadlines imposed in two orders. (*See* ECF Nos. 80, 85, 88). Accordingly, he is delaying this case, which has had a motion for summary judgment pending for approximately four months. Moreover, such failure to respond to the motion, or even request an extension of time to do so, indicates that Plaintiff has no intention of pursuing his case. And, allowing this case to proceed further, without any indication that Plaintiff wishes to prosecute this action, would waste judicial resources. *Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("Yet despite the considerable leeway plaintiff has been granted in prosecuting this case because of his pro se status, he has failed to respond to the motion [for summary judgment] as directed. The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from progressing.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. *See also Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991) (noting that proper remedy for failure to exhaust in civil rights action was dismissal without prejudice).

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

### III.  CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's orders; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated:  **January 20, 2022**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE